**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLENN RODNEY WRIGHT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-CV-801-N** |
| | ) | |
| **JONATHAN FREED, National Security** | ) | |
| **Agency, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  Background**

Plaintiff filed this unspecified complaint against National Security Agency employee Jonathan Freed, Department of Homeland Security employee Tracy Tarango and FBI employee Frazier Thompson.  Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  The Court did not issue process, pending preliminary screening.

Plaintiff alleges Defendants have been conducting surveillance on him for the past fourteen years.  He claims the surveillance is related to an expunged conviction that occurred in Memphis, Tennessee.  He states Defendants are using "voice amps" to conduct this surveillance, and it appears he is seeking an order to stop the surveillance.

**II.  Discussion**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes, inter alia, that the action is "frivolous or malicious."  28 U.S.C. §1915(e)(2)(B)(I).

An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991).  A complaint is

without an arguable basis in law if it is grounded upon a discredited or untenable legal theory.

*Neitzke*, 490 U.S. at 325.  A claim is factually frivolous when "the facts alleged are 'fantastic or

delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably

meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*,

504 U.S. 25, 32-33 (1992).

   Plaintiff's complaint recites charges which are fanciful and delusional in nature.   The

Court notes that Plaintiff has filed dozens of similar lawsuits in Tennessee during the last few

years, most of which allege various fanciful and delusional scenarios.  *See Wright v. Haslam*, No.

3:13-CV-1045 (M.D. Tenn. Oct. 2, 2013) (summarily dismissing as "fantastical and delusional"

Plaintiff's complaint alleging that he is being continuously stalked by defendants and "hit in both

ears by the Wartime Satellite Laser and Force Voice Amp Ear Laser Penetrator"); *Wright v. Nat'l

Comm'n Reform*, No. 2:11-CV-2045-JDT-cgc (W.D. Tenn. Aug. 4, 2011) (summarily dismissing

Plaintiff's "unintelligible and incoherent complaint alleging that he is bombarded by voices

broadcast by satellites"); *Wright v. Carter*, No. 2:10-CV-2634-JDT-tmp (W.D. Tenn. July 21,

2011) (noting Plaintiff's filing of 80 prior cases in the district since the fourth quarter of 2009

and summarily dismissing Plaintiff's complaint alleging that a United States congressman, the

federal government, and unspecified other persons are conspiring to spy on him using satellites).

## RECOMMENDATION

   The Court recommends that the complaint be dismissed with prejudice pursuant to the 28

U.S.C. § 1915(e)(2).

   Signed this 16th day of March, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).